SLIDER *v.* THE WINIFREDE COAL CO.

*Sales — Installment contract — Breach — Buyer fails to pay — Rights of seller — Cancellation of contract or suspension of shipments — Counterclaim by buyer.*

1. The buyer in an installment contract will not be excused from the performance of his obligation thereunder by the assertion of a groundless counterclaim, even though it is asserted in good faith.
2. A stipulation in an installment contract that failure on the part of the buyer to comply with the terms of payment shall give the seller the option either to cancel the unfilled part of the contract or to suspend shipments until the arrearages are made good, constitutes a condition of the obligation of the seller. It does not violate Section 8425, General Code.
3. An intentional and deliberate failure by the buyer to pay as provided in the contract constitutes a material breach.

(Decided May 19, 1919.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Cobb, Howard & Bailey* and *Mr. Henry L. Rockel,* for plaintiff in error.

*Messrs. Stephens, Lincoln & Stephens,* for defendant in error.

SHOHL, P. J.   Edward T. Slider entered into a written contract with The Winifrede Coal Company for his requirements of coal, estimated at 75 barges, for the year beginning April 1, 1916. Slider was to furnish his own barges, and was to deliver them to The Winifrede Coal Company, at Cincinnati, to be towed to the mines on the Kanawha river in West Virginia, and there loaded and returned to Cincinnati. Slider would then receive them and take them to Louisville. Delivery was to be in as nearly equal monthly installments as possible from April 1, 1916, to April 1, 1917, subject to river conditions. The parties entered upon the performance of the contract and for the first three months deliveries of coal were made. On July 16, 1916, The Winifrede Coal Company had five barges belonging to Slider, one of which was loaded, and the other four empty. That night there was a rise in the river, and a swift current. All the barges at the coal company's landing, including those of Slider and others, were swept down the river and lost or damaged. A controversy arose and a series of letters was interchanged, Slider claiming that the coal company was liable for the loss and damage to his barges, and the coal company denying liability on the ground that the loss was due to an unavoidable accident.

During the controversy the company held Slider's note for $1,175, due August 11, 1916. He also

owed them for other coal delivered under the contract and on an open account for towing and repairs.  On August 10, 1916, Slider wrote stating:

"My note which you hold that is due tomorrow will not be paid until this controversy between you and I is settled."

He had previously sent an itemized bill for approximately $3,200, which he claimed was part of his loss.  He made clear his position that he would not pay for the coal that he had received under the contract until The Winifrede Coal Company would pay or allow his claim for damages for loss and injury to his barges.  The coal company replied that unless he paid his note and account they would not deliver any more coal.  Thereafter, the note went to protest, and The Winifrede Coal Company brought suit, setting up the note, the amount due on the open account for coal and for towing and repairs, also claiming damages for breach of contract.

The defendant filed an answer and cross-petition admitting the indebtedness to the plaintiff in substantially the amount claimed, excepting the claim for damages for breach of contract, and a few minor items of the account.  The counterclaim consisted of two causes of action: first, damages to his barges in the flood, and the expenses incident thereto; and, second, damages for breach of contract for refusing to furnish coal after August 11th.

There was a jury trial, at the end of which the jury rendered a unanimous verdict for the plaintiff, The Winifrede Coal Company, in the sum of $4,794, substantially the amount claimed, and finding:

"That there is nothing due to the defendant, Edward T. Slider, on the claim set forth in his cross-petition."

Judgment was rendered in favor of the plaintiff, and defendant prosecutes error. Error is predicated upon the charge of the court in several respects. The defendant contended that he did not commit a breach of contract by refusing to pay his note, and refusing to pay for the other coal delivered, if at the time of such refusal he had a valid claim against the plaintiff for the loss of his barges. The court took the opposite view and refused to give defendant's special charge No. 2, which is as follows:

"You are instructed that the omission or refusal of the defendant to pay his note for the sum of $1,175.72 given to the plaintiff for barges of coal delivered under the contract in this case or to pay or give his note for other coal delivered under said contract was not a breach of the contract which would justify the plaintiff in refusing to make further deliveries thereunder, if you find that such omission or refusal was due to the fact that prior thereto, plaintiff negligently permitted certain of the defendant's barges to be lost and damaged while in plaintiff's possession and control for the purpose of being loaded by plaintiff, with coal in the performance of the contract between the plaintiff and defendant for the sale and purchase of said coal; that by reason of such loss and damage, the plaintiff was then liable to the defendant in an amount in excess of the amount which defendant owed plaintiff under said contract; and that defendant notified plaintiff that his refusal or omission to pay

for such previous deliveries was because of plaintiff's said liability to him, and that he would pay for any further deliveries of coal under said contract and would adjust and pay any difference that might be found to be owing by him for the previous deliveries when the matter of plaintiff's liability to him for loss of and damage to said barges was adjusted, and that this was all done by the defendant in good faith."

Instead the court gave plaintiff's special charge No. 2, which is:

"If the jury find that the defendant failed to pay at maturity his note for coal already delivered under the contract, and failed to pay for the other barges of coal which he had received, and indicated his intention to not pay therefor, according to the terms of the contract, until the plaintiff would pay or allow his claim against the plaintiff for the loss of his barges in the flood, then I charge you that under the contract the plaintiff had the right to refuse to make further deliveries of coal and is not liable for breach of contract by reason of such refusal."

These rulings in substance denied defendant relief on his counterclaim if he refused to pay his note and account, even though he may have had a valid claim against the plaintiff in an amount equal to such note and account. It is not necessary to pass upon the correctness of the court's position in this regard. The question of negligence of the plaintiff in caring for defendant's barges was left to the jury on the evidence, under instructions that are not complained of, and the jury found that there never was any liability on the part of plaintiff for the loss

of Slider's barges. Since it is now established that he had no valid claim, what his rights would have been had his claim been valid are immaterial. Even if the trial court was in error as to the rights of the parties in case the plaintiff was guilty of negligence in the care of defendant's barges, such error was not prejudicial to defendant because there was no negligence. *Contractors' & Builders' Supply Co.* v. *Alta Portland Cement Co.*, 4 C. C., N. S., 225, 230, affirmed without opinion 72 Ohio St., 655.

The court also refused defendant's special charge No. 1 to the effect that if the defendant in good faith claimed that plaintiff was liable to him for loss and damage to the barges, and notified plaintiff that this was his reason for not paying, the omission or refusal to pay the note did not constitute a breach of contract which would justify plaintiff in refusing further deliveries. The assertion of a groundless counterclaim will not excuse a defendant from the performance of his obligation under a contract merely because the counterclaim is asserted in good faith. *Contractors' & Builders' Supply Co.* v. *Alta Portland Cement Co., supra,* and *Cresswell Ranch & Cattle Co.* v. *Martindale et al.,* 63 Fed. Rep., 84.

The contract contained the following stipulation:

"The terms of payment being an essential part of this agreement, failure on the part of the purchaser to comply with the above terms shall give The Winifrede Coal Company the right, at its option, to either cancel any unfilled part of this or any other order or contract for the sale of coal between the parties hereto, or to suspend shipments until the arrearages shall have been made good."

Such stipulation has been usual in contracts in the sixth federal circuit since the decisions in the cases of *Cherry Valley Iron Works* v. *Florence Iron River Co.,* 64 Fed. Rep., 569, and *Monarch Cycle Mfg. Co.* v. *Royer Wheel Co.,* 105 Fed. Rep., 324. In the absence of such a stipulation the federal courts for this circuit held that the failure to pay for an installment unaccompanied by a renunciation of the agreement did not justify the seller in refusing to deliver, but held that the express provision of the contract changed the rights of the parties in this respect. Such a stipulation as that contained in the agreement under consideration is in substance an agreement that failure to pay for goods delivered shall constitute a material breach. But it is something more. It is a condition of the obligation of the seller to make deliveries. By its terms the seller is relieved from continuing to deliver goods when the buyer fails to make payment. *Southern Coal & Coke Co.* v. *Bowling Green Coal Co.,* 161 Ky., 477, 480, and *Winchell* v. *Scott et al.,* 114 N. Y., 640.

There is nothing in Section 8425, General Code, that prohibits such a stipulation. Indeed, its terms must be construed as giving it effect. The failure of Slider to comply with the contract was intentional and deliberate. It constituted a material breach of the agreement on the part of the defendant. See Williston on Sales, Section 467, page 810. The court, therefore, was right in refusing to submit to the jury the question of good faith of the defendant in making his contention. The judgment will be affirmed.

*Judgment affirmed.*

HAMILTON and CUSHING, JJ., concur.