RATHBONE, SARD & Co., Respondent, *v.* VIRGINIA IRON, COAL AND COKE COMPANY, Appellant.

First Department, December 16, 1921.

Sales — construction — provision in contract that seller should have right to cancel contract or postpone shipments if buyer failed to make payment when due — rights of withholding shipments and cancellation not exclusive — right of cancellation not forfeited where right to withhold shipments is exercised — acceptance of payments due did not deprive seller of right of cancellation — letter examined and construed to be cancellation notice — question was for court as to seller's intention to cancel contract by letter and waiver of cancellation by accepting payments.

The rights given to a seller, under a contract for the sale of pig iron, either to withhold future shipments or to cancel the contract on default by the buyer in the payment for installments delivered, are not necessarily exclusive, and so, where the buyer persistently for a long period delayed in making payments when due and ignored requests of the seller for payment, the seller has the right to cancel the contract notwithstanding that for a time it withheld shipments until payments for prior shipments were made; the exercise of the right to withhold shipments did not, under the circumstances, forfeit the right of cancellation.

The acceptance of payments overdue did not deprive the seller of his right of cancellation as that right was for the purpose of ridding it of an undesirable contract, and not for the purpose of enforcing payments of amounts due.

But if the right of cancellation did not exist after all overdue payments had been made, still the letter written by the seller to the buyer before that time in which it refused to make future shipments except for cash, amounted to a notice of cancellation and a consent to continue shipments only upon cash payments.

It was for the court rather than for the jury to say whether the defendant intended to cancel the contract by letter and whether by accepting payments in full for overdue accounts before the letter was sent it waived the right of cancellation thereunder.

APPEAL by the defendant, Virginia Iron, Coal and Coke Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 28th day of February, 1921, upon the verdict of a jury rendered by direction of the court.

*Van Vorst, Marshall & Smith* [*Arthur B. Brenner* of counsel; *William Mason Smith* with him on the brief], for the appellant.

*Perlie P. Fallon,* for the respondent.

SMITH, J.:

The plaintiff and defendant had a contract for the sale of pig iron by defendant to plaintiff. The contract provided that if the plaintiff, buyer, failed to make any payment when due, the seller should have the right to cancel the contract or to postpone shipment of future installments until prior shipments were paid for. The plaintiff persistently refused to pay installments when due and refused to answer letters demanding payment. The defendant availed itself for a time of the first right under the contract, to defer shipments until payment was made. The claim of the plaintiff is that in having availed itself of this right, the defendant is precluded from asserting its right under the contract to cancel the contract for non-payment of installments. In my judgment, the rights given to the defendant either to defer shipment or to cancel the contract are not necessarily exclusive. The purposes of these provisions are variant. The right to withhold shipments until prior payments are made is for the purpose of limiting the amount of indebtedness of the plaintiff to the defendant under the contract. The right of cancellation is for the purpose of ridding the defendant of what it deems to be an unprofitable contract. If the delay in payment be for a short period only, or accounted for by acceptable excuse, the vendor may well be willing to allow the contract to stand and to avail itself of the right to defer shipments until prior installments are paid for. In this case, however, the delays in payment were not slight. They were prolonged through several months. The defendant's letters requesting payment of the amount due were ignored, and their communications unanswered. Under these conditions, it would seem, the contract clearly gives the right of the vendor to cancel the same, and that right of

cancellation exists, notwithstanding that for a time the vendor withheld shipments, as it might lawfully do under the contract, until payments for prior shipments were made.   It is not a fair construction of the contract to hold that the exercise of the right of withholding shipments for a period has forfeited the right of cancellation thereunder, when the default of the vendee has been so pronounced and persistent as is found in the record in the case at bar.

After payments had been long overdue and request therefor ignored, on October 4, 1918, the defendant wrote to the plaintiff as follows:

" RATHBONE, SARD & COMPANY,
                    " Albany, N. Y.:

" GENTLEMEN.— In regard to your recent correspondence, referring to balance due on your Pig Iron contract:

" Please be advised that shipments on your contract have been held up on account of your being in arrears with your account.   I wired you on July 25th that it would be necessary for me to hold up shipments unless remittance was received. I have not yet had a reply to that wire.   I must ask that you make prompt remittance to our Treasurer for your account in full, and allow us to make future shipments on your contract Sight Draft attached to Bill of Lading.

" I would call your attention to the clause in the contract, which reads:

" ' If buyer fails to make any payment when due the seller shall have the right to cancel the contract, or at seller's option, to postpone shipment of future installments until prior shipments are paid for.'
                    " Yours very truly,
                         " O. B. NEWTON,
                              " *General Sales Agent.*"

Upon October thirtieth, in response to a request for further shipments, the defendant wrote to the plaintiff as follows:

" RATHBONE, SARD & COMPANY,
                    " Albany, N. Y.:
                    " Contract 11832.

" GENTLEMEN.— In regard to your letter of October 28th, you will recall that I wired you on July 25th, advising that

it was necessary for me to hold up shipments unless remittance was received. This telegram was sent you after having taken up the matter of your past-due account with our Treasurer, who advised me that he was unable to collect your past-due account. I had no answer to this wire, and then I wrote you again on October 4th, telling you why shipments had been held up, and calling your attention to the clause in the contract which reads:

" ' If buyer fails to make any payment when due the seller shall have the right to cancel the contract or at seller's option, to postpone shipment of future installments until prior shipments are paid for.'

" I continued to worry with this account until October 18th, when I wrote our Agents, Messrs. Rogers, Brown & Company, advising them that we had cancelled the contract. I suppose you were promptly advised by Messrs. Rogers, Brown & Company that contract had been cancelled on account of your violation of same.          " Yours very truly,
          " O. B. NEWTON,
                    " *General Sales Agent.*"

The claim of the plaintiff then is three-fold: First, that the right to cancel did not exist after the exercise of the right to defer shipments until payments were made. This claim has heretofore been discussed. The second claim is that the right to cancel does not survive the full payment for shipments then due, and that the letter of October thirtieth, therefore, cannot be construed to be an effective cancellation of the contract, because all payments for prior shipments had then been made.

In the first place, there is no question here as to the immateriality of the plaintiff's breach of contract. This is unquestioned by the plaintiff. The verdict was directed upon the plaintiff's motion. Again, there is no question made by respondent that this letter of October thirtieth was effective as a cancellation, provided the defendant had the right at that time to cancel the contract. But this contract contained no limitation of the power of cancellation to a time when prior shipments thereunder were unpaid for. If the purpose of the right of cancellation be to rid the party given the right,

of what is deemed to be an undesirable contract, there can be no reason for holding that that right of cancellation must be exercised before the prior defaults of the other parties are redeemed.   The exercise of the right of cancellation prior to the making of the payments due might result in non-payment of the amount, and having in mind the purpose of the right of cancellation, the right may well be exercised when the defaults have been prolonged and persistent, even after those defaults have been made good.

In *Southern Coal & Coke Co.* v. *Bowling Green Coal Co.* (161 Ky. 477; 170 S. W. Rep. 1185) it is held: " Where a contract for the sale of coal to be delivered at different times provided that a failure to pay, when due, any account for coal shipped thereunder, rendered the contract as to further shipments subject to cancellation at the shipper's option, and that all coal should be paid for on the 10th of the month following the month in which shipment was made, where a check for coal shipped in August was not mailed until September 11th, the seller was within its rights in refusing to make further shipments, whether it took this action because of this delay or for other reasons."   The opinion in part reads: " We have seen that under the express terms of the contract, for a breach of which appellee is suing, appellant reserved the right to cancel the same as to all further shipments of coal where the coal already shipped had not been paid for on the 10th of the succeeding month.   Appellee's own evidence shows that he did not even mail a check for the August shipment until the 11th of September, and appellant very promptly thereafter, by its letter of the 15th of September, notified him that it would decline to make further shipments.   Whether that action was taken alone because of his delay in paying for the August shipment, or whether it was taken for other reasons, or for that reason combined with others, cannot be considered. It was acting within its express rights reserved in the contract, and courts are not authorized in such cases to inquire into its motives."

In my judgment, therefore, the letter of October thirtieth at least acted as a cancellation of the contract, and even if made after full payment of the amounts due for prior shipments, was effective to cancel the same.

But appellant's position is, as I construe the correspondence between the parties, even stronger than as above stated. Upon October fourth payments had been long overdue. Requests had been made therefor which were ignored, letters and telegrams unanswered, and the letter of October fourth, as hereinabove set forth, was written. By fair interpretation that letter should be construed to be a notice of the cancellation of the existing contract, and a consent to further perform the terms of that contract only as modified, to provide for payment of sight draft upon delivery. Defendant is not asking a favor, but is exercising a right, and the letter referred to the right by quoting from the terms of the contract giving such a right. Defendant was willing to continue shipments upon cash payments only.

This letter of October fourth was ignored by plaintiff, and consent to the condition there attached was not expressed until November eighteenth, after defendant had refused to make further deliveries under the contract. This letter was written before the payment for which the plaintiff was then in default under the contract, and, even if the exercise of the right of cancellation should be held to exist only before payment of prior shipments, this letter of October fourth operated as such a cancellation, except upon a condition with which the plaintiff did not within a reasonable time comply.

Plaintiff's third contention is that the right of cancellation was waived by accepting payments after the letter of October fourth and after defaults made. But if the right to cancel be for the purpose of ridding defendant of an undesirable contract, and not for the purpose of enforcing payments of amounts due, I am unable to see how the acceptance of payments due can deprive defendant of its right of cancellation. In the case of *Southern Coal & Coke Co.* v. *Bowling Green Coal Co. (supra)* the right to cancel after full payments for prior shipments was upheld. It will be borne in mind that this right to cancel is a right given by the contract and is not limited by any provision of law applicable to a right to rescind where the right is not given by the contract itself.

Both parties at the close of the trial made a motion for a directed verdict. The defendant asked a further right, when the court had indicated its intention to direct a verdict for the

plaintiff, to go to the jury upon the questions of fact in the case. Even if the court cannot hold as matter of law that the contract has been lawfully canceled, the defendant had the right to go to the jury upon the question of the intention of the defendant to cancel the contract by the letter of October fourth, and upon the question as to whether the defendant by accepting payments in full before October thirtieth intended to waive its right of cancellation thereunder. Both of these questions I deem to be questions for the court rather than for the jury.

In my judgment, therefore, the judgment should be reversed on the law and facts, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and PAGE, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs. Settle order on notice.